IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF IDAHO

| | |
|---|---|
| **JIM RODGERS,**<br><br>    Plaintiffs,<br><br>vs.<br><br>**BASIN SCHOOL DISTRICT NO. 72, ELIZABETH MARTIN, KATHY NELSON, STEVE CALLAHAN, KEN GORDON, and ROSE WASHAM, in their official capacities as members of the BOARD OF TRUSTEES OF THE BASIN SCHOOL DISTRICT NO. 72,**<br><br>    Defendant. | Case No. CIV04-287-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above entitled matter are the parties' cross-motions for summary judgment and partial summary judgment, respectively. The parties have submitted responsive briefing on both motions and the matters are now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

Plaintiff James Rodgers' complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages or compensatory time due,

**MEMORANDUM ORDER- 1**

breach of contract, and violations of the Idaho Wage Claim Act ("IWCA"), Idaho Code § 45-601 *et seq.*. (Dkt. No. 17). The complaint also raises equity claims for quantum meruit and unjust enrichment. Mr. Rodgers, was employed by Defendant Basin School District No. 72 ("the District") in various jobs including Transportation Supervisor and Maintenance Supervisor from July of 1995 to May of 2003. This employment was pursuant to annual contracts which directed payment for "a specific number of hours worked, multiplied by an hourly rate of pay, with the sum actually paid to Rodgers on the basis of a 12-month academic year." (Dkt. No. 17, p. 2). The complaint alleges Mr. Rodgers regularly worked more than forty hours per week and took compensatory time off "on only a few occasions" and, thus, amassed significant hours of compensatory time for which he was not paid at the time of his termination in May of 2003. Mr. Rodgers claims he is entitled to payment for the accrued compensatory time outstanding at the time of his termination. As a result Defendants filed a motion for summary judgment and Mr. Rodgers filed a motion for partial summary judgment.

**Standard of Law**

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure, which provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any

**MEMORANDUM ORDER- 2**

essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989). When applying this standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

## Discussion

I.  MOTIONS FOR SUMMARY JUDGMENT:

Plaintiff's motion seeks summary judgment on the liability aspect of the legal claims asserting the parties do not dispute that Mr. Rodgers worked in excess of forty hours per week and the only disagreement is as to damages involving the factual dispute as to how many excess

---

[1] See also, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**MEMORANDUM ORDER- 3**

hours were accrued.  Defendants motion asserts Mr. Rodgers was exempt from overtime and compensatory time under the FLSA's executive and/or administrative exemptions.  Accordingly, Defendants have filed a motion for summary judgment as to all claims.

    A)    <u>FLSA Claim</u>:

The central issue on both parties' motions is whether the FLSA's executive and/or administrative employee exemptions apply to preclude Mr. Rodgers' claims.  Defendants argue Mr. Rodgers is employed in an executive capacity and is therefore exempt from the FLSA provisions.  Mr. Rodgers claims because his employment contracts called for an hourly wage the "salary based test" is not met and he is outside the exemption.

The FLSA generally requires that employers pay their employees time and one-half for work exceeding forty hours per week. <u>See</u> 29 U.S.C. § 207(a)(1).  However, an exemption from such overtime payment exists for persons "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).  In order to fall within the exemption, an employer must establish that the employee is 1) paid on a salary basis, 2) of not less than $250 per week[2], 3) for the primary duty of managing a recognized department or subdivision, and 4) regularly direct two or more employees.  <u>Barner v. City of Novato</u>, 17 F.3d 1256, 1260 (9th Cir. 1994). The first two elements of the test are called the "salary test" and the second two make up the "duties test." <u>Id.</u>  An employee is entitled to overtime pay if the employer cannot satisfy both tests.  <u>Service Employees Int'l Union v. County of San Diego</u>, 60 F.3d 1346, 1350 (9th Cir. 1994).  In determining whether an exemption applies, the "FLSA is construed liberally in favor of employees; exemptions 'are to be narrowly construed against the employers seeking to assert

---

[2] Plaintiff cites the weekly amount as $250 and Defendants note the amount as $455.  It appears between the years 2003 and 2005 the weekly amount stated in the Code of Federal Regulations was raised.  <u>Compare</u> 29 C.F.R. §§ 541.600 (2005) and 29 C.F.R. § 541.601 (2003).  Regardless, Mr. Rodgers' compensation satisfied either amount.

**MEMORANDUM ORDER- 4**

them....'" Cleveland v. City of Los Angeles, 420 F.3d 981, 988 (9th Cir. 2005) (citing Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960); Klem v. County of Santa Clara, 208 F.3d 1085, 1089 (9th Cir. 2000). "[A]n FLSA exemption will not be found 'except in contexts plainly and unmistakably within the given exemption's terms and spirit.'" Id. (citation and brackets omitted).

The parties here dispute whether the contracts of employment were on an hourly or salary basis.[3] "The regulations implementing the FLSA prescribe the test for determining whether an employee is paid on a salary basis: "An employee will be considered to be paid on a salary basis within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." McGuire v. City of Portland, 159 F.3d 460, 461-61 (9th Cir. 1998) (citing 29 C.F.R. § 541.118(a) (1998) (internal quotations omitted)). "Subject to [certain provided exceptions], the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work." Stanley v. City of Tracy, 120 F.3d 179, 183 (9th Cir. 1997) (citing 29 C.F.R. § 541.118(a)).

---

[3] In his memorandum in support of his motion for summary judgment, Mr. Rodgers asserts there are genuine factual disputes as to whether Rodgers' positions met the duties test. (Dkt. No. 28, p. 14). This is the only reference by Mr. Rodgers challenging the duties test. Defendants respond that it is undisputed that Mr. Rodgers' jobs satisfy the duties test because his job descriptions were for supervisory positions which included management over departments and supervision of other employees. Because the Court's ruling on the salary based test is dispositive, it is unnecessary for the Court to resolve this question.

**MEMORANDUM ORDER- 5**

Mr. Rodgers argues he was an hourly employee because the employment contracts adopted the rules and regulations of the State Board of Education and the policies of the district which, he asserts, included the Master Agreement between the Idaho City Education Association and the District.[4]  The Master Agreement distinguishes between "Certified Employees" and "Non-Certified Employees" in terms of compensation; the certified employees salary schedule was set forth in yearly wages while the non-certified employees salary schedule lists hourly wages.[5]  In addition, the Master Agreement and District Policies provided that non-certified employees who worked more than 40 hours per week were entitled to either comp time or overtime pay.  Mr. Rodgers maintains he was a non-certified employee and, thus, an hourly paid employee outside the FLSA exemptions. As further proof of his position, Mr. Rodgers points to the bottom of his employment contracts where there appears a calculation of the number of days in the term of the contract, including holidays and vacation days, multiplied by eight hours per day and by an hourly rate to arrive at the yearly total compensation for each contract.[6]  This calculation, Mr. Rodgers argues, further evidences that he was paid on an hourly basis.

The Defendants maintain Mr. Rodgers was a salaried employee because he received a predetermined amount of compensation on a regular pay period which was not subject to

---

[4] Defendants challenge the relevance of Mr. Rodgers' references to the Master Agreement arguing the complain did not assert any breach of the Master Agreement and questioning whether the teacher's union could negotiate on behalf of Mr. Rodgers.  While the Master Agreement may not be the basis for a breach of contract claim, it is relevant to the Court's determination of Mr. Rodgers' employment status for purposes of the exemption as it states that it applies to all employees of the district.  (Dkt. No. 28, Ex. 3).  Regardless, the District's Policies, which are expressly made a part of the contract, encompass the same language as the Master Agreement.  See Hackett v. Lane County, 91 F.3d. 1289, 1292 (9th Cir. 1996) (reading the employee policies and manual together in determining whether employees were salary employees).

[5] The Master Agreement uses the term "salary schedule" generally for both certified and non-certified employees.  The schedules, however, clearly treat pay for the two types of employees differently.

[6] This calculation appears on all but the July 1, 1997 contract.

**MEMORANDUM ORDER- 6**

reduction due to variations in the quality or quantity of his work. (Dkt. No. 29, p. 2). As evidence of this the Defendants point to Mr. Rodgers' pay stubs which were paid at the same predetermined amount and time each pay period during the term of the contracts. The computation at the bottom of the contracts, Defendants contend, was merely for accounting purposes and does not change the fact that the contract was as a salaried employee. As to the District Policies and Master Agreement, the Defendants maintain these do not apply to Mr. Rodgers because he is a certified employee.

Having reviewed the arguments of counsel and the contracts in question, the Court concludes Mr. Rodgers was an hourly paid employee. Mr. Rodgers signed a new employment contract each year he worked for Defendants. The contract each year was identical except for the dates, the amount of compensation, and the job description.[7] The contracts provided that Mr. Rodgers would be employed for a specified term and for an agreed amount of compensation stated as the total sum of money for the term of employment. The contracts specified that compensation was to be paid on a given date or dates each month in equal amounts, which seems to indicate a salaried contract. The contracts, however, also stated they were subject to the "applicable laws of the State of Idaho, the duly adopted rules and regulations of the State Board of Education, and the policies of the District which are, by reference incorporated herein and made part of this Agreement...." (Dkt. No. 28, Ex. 2). The top of each of the contracts states "EMPLOYMENT AGREEMENT NON CERTIFIED EMPLOYEE." The Master Agreement and School District Policy 471 both define non-certified personnel as:

---

[7] Generally Mr. Rodgers' compensation increased each year; his job titles were: custodian/maintenance supervisor, maintenance/custodial supervisor, and supervisor of transportation/maintenance/custodial.

**MEMORANDUM ORDER- 7**

      those persons employed by the school district who are not required by law to have a teaching certificate for qualification. These shall include but not be limited to the following:

      1.      Custodial and maintenance employees
      2.      Clerical employees
      3.      Lunchroom employees
      4.      Bus drivers
      5.      Extra help for Summer maintenance

(Dkt. No. 28, Ex. 3, p. 34, Ex. 9). The Master Agreement for the District distinguishes between certified and non-certified employees. Unlike the certified employees, the non-certified employee salary schedules are based upon hourly wages. In addition, both the Master Agreement and the District Policy 477 provided that non-certified employees are allowed to work additional hours and any employee who works more than 40 hours in a week has the choice of receiving either comp time or payment. (Dkt. No. 28, Ex. 3, p. 38 and Dkt. No. 20, Ex. 10).

      To this the Defendants argue Policy 471 does not apply to Mr. Rodgers because he is akin to a superintendent or other administrative personnel who are not required to have a teaching certificate but who are still considered certified employees. Defendants point to the five listed positions in Policy 471 as evidence that Mr. Rodgers' position as a supervisor is outside of the jobs listed and, therefore, he is a certified employee. This argument fails. Policy 471 expressly states that the list is not an exclusive list of those employees considered non-certified employees. Further, each of Mr. Rodgers' employment agreements includes the heading "non-certified employees" which is clear evidence that the contract applied to a non-certified employee.

      The tabulation at the bottom of the contracts also supports Mr. Rodgers' argument as it reflects that the total pay for the term of the contract is derived by calculating the hourly pay by

**MEMORANDUM ORDER- 8**

the number and hours of days worked. Defendants argue the calculation was an accounting methodology used as a common denominator and standardized method for payment because employees work different hours, similar to the case of McGuire v. City of Portland, 159 F.3d 460 (9th Cir. 1998). In McGuire the Ninth Circuit held that the weekly calculations for City Fire Chiefs was not evidence that the Chiefs were hourly employees because the calculation was simply a practice to standardize the City's accounting methods where Chiefs' hourly schedules each week varied. As Mr. Rodgers points out, however, this case is different because the calculation does not work backwards from the annual pay to arrive at hourly pay, as in the McGuire case, but instead here it proceeds forward using the hourly pay to arrive at the yearly total compensation.

Because the employment agreements are expressly entitled as non-certified employee agreements and because the District's own policies and agreements clearly distinguish the payments for certified and non-certified employees, the Court concludes Mr. Rodgers' compensation was paid on an hourly basis and, therefore, the FLSA exemptions asserted by the Defendants do not apply. Therefore, Defendants' motion for summary judgment on the FLSA claim is denied. So too is Mr. Rodgers' motion for partial summary judgment denied; to prevail on the FLSA claim as to liability Mr. Rodgers must prove each of the elements of that claim not simply disprove that the exemption applied.[8] Because genuine issues of material fact remain as to the elements of the FLSA claim, Mr. Rodgers' motion for summary judgment is also denied.

Defendants argue alternatively that if District Policy 477 applies then Mr. Rodgers was in material breach of that policy for failing to obtain the proper approval and documentation of any

---

[8] As noted in Mr. Rodger's brief the elements for his overtime compensation claim under the FLSA are: the existence of an employment relationship; that the employer suffer or permit the employee to work; and proof of uncompensated overtime hours. (Dkt. No. 28, p. 11) (citing 29 U.S.C. §§ 207, 216).

**MEMORANDUM ORDER- 9**

overtime hours as required by the policy. Having reviewed the record and the parties arguments the Court finds genuine issues of material fact exist on this question. Likewise, there is a question of fact as to the number of hours, if any, worked by Mr. Rodgers for which he is entitled to payment. Therefore, summary judgment is precluded on these claims.

      B)    <u>Contract Claims</u>:

The second claim for relief in the amended complaint asserts breach of contract and breach of the covenant of good faith and fair dealing. (Dkt. No. 17). Mr. Rodgers' claims the School District's failure to pay Rodgers overtime or compensatory time off violated the terms of the District's Policy as incorporated into his contracts of employment. Defendants' motion for summary judgment asserts that because the FLSA exemption precludes Mr. Rodgers from collecting any overtime pay he cannot prevail on this claim as a matter of law. In response, Mr. Rodgers contends he is entitled to summary judgment on this claim arguing that the inclusion in the contract of the District's Policies which provided for overtime pay and the Defendants' failure to pay Mr. Rodgers in accordance with those policies amounts to a breach of contract. This claim, Mr. Rodgers argues, exists separate and apart from the FLSA claim because it is based on the terms of contract which he claims provided for overtime payment.

The Court finds genuine issues of material fact exist on this claim. While the Court has determined above as a matter of law that Mr. Rodgers is paid on a hourly rate therefore precluding the FLSA exemptions, the Court has made no other findings or interpretations of the contract or its terms. Those questions raise disputed facts which a jury must decide. Similarly, Defendants' claims of material breach of the policies, estoppel, and waiver by Mr. Rodgers all raise additional disputed questions of material fact precluding summary judgment. Therefore, summary judgment on this claim is denied.

**MEMORANDUM ORDER- 10**

  C) <u>Quantum Meruit and Unjust Enrichment</u>:

The third claim for relief is an equity argument alleging that the School District knowingly received the benefits of Mr. Rodgers' excess hours worked which Mr. Rodgers' provided in reliance, to his detriment, upon promises made by the Board of Trustees through its adopted policies and procedures.  As such, he argues the Defendants have been unjustly enriched and that he is entitled to compensation for the value of his services.  Defendants assert summary judgment is appropriate because where there is an adequate remedy at law equitable relief is improper; also raising the unclean hands doctrine arguing Mr. Rodgers fabricated time sheets and was otherwise misleading in terms of his income.  Defendants assert the substance of these claims warrant granting summary judgment.  Mr. Rodgers notes that these claims are raised in the alternative to the other claims in the event the legal remedies are unsuccessful.  Further, Mr. Rodgers claims that the mere existence of a contract does not bar equitable relief.

While true that the existence of a contract does not itself bar claims in equity, where a contract is found to be enforceable courts are precluded from applying equitable doctrines unless the contract is unlawful, unconscionable, or violates public policy.  <u>Bakker v. Thunder Spring-Wareham, LLC</u>, 108 P.3d 332, 338 (Idaho 2005).  Here neither party disputes that the contract for employment exists or that it is enforceable; nor does Mr. Rodgers argue it is unlawful, unconscionable, or against public policy.  Therefore the Court concludes the claims in equity raised in the complaint are precluded and Defendants' motion for summary judgment on the third claim for relief is granted.

  D) <u>Idaho State Law Claim</u>:

Finally, the amended complaint raises a cause of action under the Idaho Wage Claim Act, Idaho Code § 45-601 *et seq.*, for failure of the Defendants to pay all wages due and owing to Mr.

**MEMORANDUM ORDER- 11**

Rodgers. Defendants argue Mr. Rodgers cannot prevail on this claim because he is unable to prevail on the FLSA claim. Defendants also again allege fraud by Mr. Rodgers claiming he submitted false claims for wages for several days of work when he was not actually working. Because of the Court's ruling above on the FLSA claim and because there remain genuine issues of material fact on this claim and Defendants' allegations of fraud, the Court denies the motion for summary judgment.

II.     MOTION IN LIMINE:

The District filed a motion in limine seeking to exclude evidence of liability insurance and conduct of past superintendents as evidence of District actions or policies. The motion also sought to allow the use of a party's deposition "for any reason" and for use of prior inconsistent statements beyond mere impeachment purposes and by an independent witness. The Court has reviewed this motion and finds it presents evidentiary issues which are more suitably ruled upon at trial where the Court is able to consider the admissibility of the evidence in the context in which it is presented. Therefore, the motion is denied.

**ORDER**

Based on the foregoing and being fully advised in the premises the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 28) and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Summary Judgment (Dkt. No. 22). Defendants' are granted summary judgment as to the third claim for relief and summary judgment is denied as to the other remaining claims. The Motion in Limine (Dkt. No. 34) is **DENIED**.

**MEMORANDUM ORDER- 12**

The parties are directed to jointly submit three potential trial dates on or before April 1, 2006.  The parties shall chose from the following dates: April 4, 2006, May 30, 2006, June 13, 2006, June 20, 2006, July 18, 2006.  The Court will then set the date for trial.

DATED:  **February 13, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER- 13**