IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF IDAHO

| | |
|---|---|
| **JIM RODGERS,**<br><br>        Plaintiffs,<br><br>vs.<br><br>**BASIN SCHOOL DISTRICT NO. 72, ELIZABETH MARTIN, KATHY NELSON, STEVE CALLAHAN, KEN GORDON, and ROSE WASHAM, in their official capacities as members of the BOARD OF TRUSTEES OF THE BASIN SCHOOL DISTRICT NO. 72,**<br><br>        Defendant. | Case No. CIV04-287-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above entitled matter is Defendants' motion for reconsideration of the Court's decision granting in part the Plaintiff's motion for summary judgment. The parties have submitted their briefing on the motion and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

### Standard of Law

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. However, the Ninth Circuit has stated that motions to reconsider should be treated as

**MEMORANDUM ORDER- 1**

motions to alter or amend under Federal Rule of Civil Procedure 59(e).  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir. 1984).  The scope and purpose of such a motion have been analyzed as follows:

> Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. (Citations omitted).  These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued.  (Citations omitted).  Moreover they cannot be used to argue a case under a new legal theory. (Citations omitted).

Federal Deposit Insurance Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);

> Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
> . . .
> [A] rehash of the arguments previously presented affords no basis for a revision of the Court's order.

Illinois Central Gulf Railroad Company, v. Tabor Grain Company, 488 F.Supp. 110, 122 (N.D. Ill. 1980).  Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [S]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed.  Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984).  See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly.").  The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order:  (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice.  School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert.

**MEMORANDUM ORDER- 2**

denied, 512 U.S. 1236 (1994). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

>Federal Rule of Civil Procedure 60(b)(6), states:
>
>On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(6) (emphasis added). The Ninth Circuit has held that a party merits relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." Community Dental Services v. Tani, 282 F.3d 1164 (9th Cir. 2002) (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam); see also Pioneer Investment Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion. Id., 282 F.3d at 1167 (citing United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)). Clause 60(b)(6) is a "catch-all" clause that is read as being exclusive of the other grounds for relief listed in Rule 60. Id. at n. 8 (citing Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986)).

### Discussion

The Defendants' motion challenges the Court's conclusion that Plaintiff was an hourly employee and, therefore, non-exempt from the provisions of the Fair Labor Standards Act ("FLSA"). The Defendants argue clear error in the Court's reasoning for primarily three

**MEMORANDUM ORDER- 3**

reasons: 1) under the salary-based test the Court should have looked at the fact that there was no evidence of any deductions made from Plaintiff's wages instead of the possibility of Plaintiff being paid overtime, 2) the Master Agreement was not part of the Plaintiff's employment contract, 3) the notes and computations at the bottom of the Plaintiff's employment contracts are not evidence of his status as an hourly employee. Plaintiff responds noting that the Defendants' motion is improper in that it fails to bring forth any new law or facts upon which the Court could properly "reconsider" its previous ruling.

As stated in the Court's order on summary judgment, the central issue in this case is whether the FLSA's executive and/or administrative employee exemptions apply to preclude Mr. Rodgers' claims. Defendants argue because Mr. Rodgers is employed in an executive capacity he is exempt from the FLSA. Mr. Rodgers maintains he is not subject to the exemption because under the "salary-based test" he is an hourly wage employee, not a salaried employee.

In outlining the salary-based test, the Ninth Circuit has stated: "An employee will be considered to be paid on a salary basis within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." McGuire v. City of Portland, 159 F.3d 460, 461-61 (9th Cir. 1998) (citing 29 C.F.R. § 541.118(a) (1998) (internal quotations omitted)). "Subject to [certain provided exceptions], the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work." Stanley v. City of Tracy, 120 F.3d 179, 183 (9th Cir. 1997) (citing 29 C.F.R. § 541.118(a)).

**MEMORANDUM ORDER- 4**

To meet this test, the Defendants focus on the fact that there is no evidence in this case that there were ever any deductions made from Plaintiff's salary or that Plaintiff was subject to deductions in pay. Defendants point to Plaintiff's pay stubs indicating that he was paid the same rate each pay period as was provided in the employment contracts. Plaintiff centers on the written contracts, district policies, and the district Master Agreement arguing that, taken together, these documents prove that Plaintiff was a salaried employee. In ruling on the motion for summary judgment, the Court considered both parties arguments and concluded that, as a matter of law, taking the written policies, agreements, and contracts applicable to this case on whole the Plaintiff was an hourly employee. The primary basis for the Court's reasoning rested upon the terms in these written policies and contracts.[1] The Court has reviewed its decision in light of the Defendants' arguments on this motion asserting that the possibility of overtime payments do not defeat the salary-based test and the lack of evidence of any deductions from Plaintiff's wages supports the finding that Plaintiff was a salaried employee.

These arguments hinge on the determination that under the salary based test the employment agreement must provide that the employee "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction...." 29 C.F.R. § 541.118. The last portion of this test, that guarantees the amount is not subject to reduction, is where "the rubber meets the road" in this case. The Defendants insist that the facts show the Plaintiff was regularly paid the predetermined amount stated in the employment contracts and that no deductions were ever taken regardless of Plaintiff's work schedule and, therefore, Plaintiff was a salaried

---

[1] The Defendants contention that the Court placed "great weight" on the notations made at the bottom of the employment contracts misstates the Court's reasoning. The fact that the calculations were made and the manner in which they appear on the contracts was noted by the Court as further support for the ruling but not the basis upon which the Court relied.

**MEMORANDUM ORDER- 5**

employee. While this fact may very well be true, in reading the terms of the contracts here the Court notes the absence of any "guarantee of at least the minimum weekly-required amount aid on a salary basis." 29 C.F.R. § 541.604(a). Each of the case citations and regulations quoted in Defendants' memorandums include the requirement that the employment contract include a guarantee that at least the minimum weekly required amount will be paid on a salary basis regardless of the number of hours, days, or shifts worked and which "is not subject to reduction because of variations in the quality or quantity of the work performed." McGuire, 159 F.3d at 461-61; see also 29 C.F.R. §§ 541.118, 541.604(b).

The employment contracts in this case do not express any "guarantee" of payment of the specified sum nor do they provide for reductions of payment for variations in the quality or quantity of work. In ruling on the motion for summary judgment, the Court applied precepts of Rule 56. Thus, the Plaintiff had to first show that he was entitled to judgment as a matter of law in order to shift the burden to the Defendants to show the existence of a material fact in dispute which is essential to their case and upon which Defendants will bear the burden of proof at trial. See Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986). The Plaintiff's showing on summary judgment was sufficient here to shift the burden to the Defendant.

The Court's ruling that Plaintiff was an hourly employee was not based on the possibility of overtime compensation as Defendants argue.[2] Instead, the Court's determination flowed from the employee agreement and District Policy 471 which identified Plaintiff as a "non-certified

---

[2] The Defendants incorrectly argue the Court improperly concluded that the possibility of Plaintiff receiving overtime payment negated his status as a salaried employee. It is undisputed that an offer of overtime compensation does not itself negate an employee's status as a salaried employee. See Boykin v. Boeing Co., 128 F.3d 1279 (9th Cir. 1997). Although the opinion stated that "both the Master Agreement and the District Policy 477 provided that non-certified employees are allowed to work additional hours and any employee who works more than 40 hours in a week has the choice of receiving either comp time or payment,"

**MEMORANDUM ORDER- 6**

employee" and, as such, under the Master Agreement such employees' salary schedules are paid hourly.  There is no clear error in this reasoning.

The burden the was then upon the Defendants to prove the employee meets the salary-based test for the exemption to apply.  Barner v. City of Novato, 17 F.3d 1256, 1260 (9th Cir. 1994).  In determining whether an exemption applies, the "FLSA is construed liberally in favor of employees; exemptions 'are to be narrowly construed against the employers seeking to assert them....'"  Cleveland v. City of Los Angeles, 420 F.3d 981, 988 (9th Cir. 2005) (citing Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960); Klem v. County of Santa Clara, 208 F.3d 1085, 1089 (9th Cir. 2000).  "[A]n FLSA exemption will not be found 'except in contexts plainly and unmistakably within the given exemption's terms and spirit.'"  Id. (citation and brackets omitted).  The Defendants argued that Plaintiff was not a non-certified employee and that the Court should not consider the Master Agreement.  The Court's opinion addressed both of these arguments and, having reviewed the same, the Court concludes its reasoning was not in error.  Further, the Defendants' argument that there is no evidence of deductions in this case and that Plaintiff was paid at the same rate, based on Plaintiffs' pay stubs, does not evidence a guarantee in the contract that deductions could not have been made but only that deductions were not made.  The Court's reasoning was instead more appropriately grounded in the terms of the written contracts between the parties.  Because the Defendants have failed to bring forth any new changes in the law or facts or demonstrate clear error, the motion to reconsider is denied.

**MEMORANDUM ORDER- 7**

**ORDER**

Based on the foregoing and being fully advised in the premises the Court **DENIES** Defendants' motion for reconsideration (Dkt. No. 38). The trial is set for **Wednesday, July 18, 2006 at 9:30 a.m. in Boise, Idaho**. The parties shall comply with the Court's Scheduling Order (Dkt. No. 15) regarding pretrial submissions.

DATED:  **December 4, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER- 8**